# EXHIBIT 58

**UNITED STATES DEPARTMENT OF TRANSPORTATION**
**NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION**
1200 New Jersey Avenue, SE
West Building, W41-326
Washington, DC 20590

|  |  |
|---|---|
| **In re:** | ) |
|  | ) |
| EA14-002 | ) |
| Kia Sorento Sunroofs | ) |
|  | ) |
|  | ) |

**GENERAL ORDER DIRECTED TO**
**MOTOR VEHICLE MANUFACTURERS**

To:

John Turley
Senior Manager, Product Regulatory Office
American Honda Motor Co.
1919 Torrance Blvd.
Torrance, CA 90501

Sam Campbell
Department Head-Safety Engineering
BMW of North America, LLC
P.O. Box 1227
Westwood, NJ 07677

Stephen L. Williams
Head of Vehicle Safety Compliance and
Product Analysis
FCA US LLC
800 Chrysler Drive
Auburn Hills, MI 48326

Todd Fronckowiak
Global Automotive Safety Compliance Office
Ford Motor Company
Fairlane Plaza South, Suite 500
330 Town Center Drive
Dearborn, MI 48126-2738

Brian Latouf
Director, Field Product Investigations and
Evaluations
General Motors LLC
30001 Van Dyke – Mail Code 480-210-2V
Warren, MI 48090-9055

Steve Johnson
Director, Engineering and Design Analysis
Hyundai Motor America
10550 Talbert Avenue
Fountain Valley, CA 92708

J.S. (Jurassic) Park
Executive Director/Production Litigation &
Regulatory Compliance
Kia Motors America
111 Peters Canyon Road
Irvine, CA 92606

David Robertson
Group Manager, Environmental, Safety and
Powertrain Engineering
Mazda North American Operations
1025 Connecticut Avenue NW
Washington, DC 20036

(Service List Continues on Next Page)

**0882**

David Tait
General Manager, Engineering Services
Mercedes-Benz US, LLC
One Mercedes Drive, P.O. Box 350
Montvale, NJ 07645-0350

Matthew D. Collins
Manager
Toyota Motor Engineering & Manufacturing
Mail Code: S-104
19001 South Western Avenue
Torrance, CA 90501

Adam Kopstein
Manager, North American Product Safety &
Compliance
Volvo Cars of N.A., LLC
1 Volvo Drive, Building B
Rockleigh, NJ 07647

Tara Underwood
Manager, Technical Compliance
Nissan North America, Inc.
One Nissan Way
Franklin, TN 37067

Chris Sandvig
General Manager of Compliance/TREAD
Volkswagen Group of America, Inc.
3800 Hamlin Road
Auburn Hills, MI 48326

This General Order is issued by the Secretary of Transportation pursuant to 49 U.S.C. § 30166(g)(1)(A) and 49 C.F.R. § 510.7, and pursuant to a delegation of authority to the Chief Counsel of the National Highway Traffic Safety Administration ("NHTSA"), an Operating Administration of the United States Department of Transportation, 49 C.F.R. §§ 1.95, 501.8(d)(3).

As part of NHTSA Investigation No. EA14-002, NHTSA's ongoing investigation into allegations of optional sunroofs shattering unexpectedly and the agency's evaluation of the scope, frequency, and consequences of such incidents, NHTSA, by this General Order, hereby demands that the aforementioned motor vehicle manufacturers file certain reports concerning unexpected sunroof shatter incidents.

Your response to this General Order shall be provided by **May 16, 2016**.

## DEFINITIONS

To the extent used in this General Order, the following definitions apply:

1.    The definitions of **"manufacturer," "motor vehicle," "original equipment,"** and **"replacement equipment"** can be found in 49 U.S.C. § 30102, 49 C.F.R. § 579.4, and 49 C.F.R. § 573.4.

2.    **"Panoramic sunroof"** means a glass panel with a combined surface area of greater than 0.5 m$^2$ and having a single or multiple fixed glass panels and/or a single or multiple moveable glass panels that can tilt upward and slide back over the existing roof structure. If a retractable front wind deflector is also made of glass and part of the sunroof surface, it shall be included.

3.    **"Sunroof"** means a fixed or operable opening in a motor vehicle roof that allows light and/or fresh air to enter the passenger compartment.

4.    A panoramic sunroof that **"spontaneously shatters"** means an incident (or alleged incident) occurring in the field, whether in the United States or abroad, by which some mechanism unexpectedly causes the sunroof to crack or break into pieces.

5.    **You"** or **"Your"** means each individual party to whom this General Order is directed. This definition includes all of your past and present officers and employees, whether assigned to your principal office(s) or any of your field or other locations, including all of your divisions, subsidiaries (whether or not incorporated) and affiliated enterprises and all of their headquarters, regional, zone and other offices and their employees, and all agents, contractors, consultants, attorneys and law firms and other persons engaged directly or indirectly (*e.g.,* employee of a consultant) by or under your control (including all business units and persons previously referred to).

**0884**

## INSTRUCTIONS

1.       Your response to the General Order shall be provided by electronic mail to NHTSA's Office of Defects Investigation, Chief of the Vehicle Integrity Division (currently Scott Yon, Scott.Yon@dot.gov), with a copy to Michael Lee (Michael.Lee@dot.gov), and NHTSA's Assistant Chief Counsel for Litigation and Enforcement (currently Timothy H. Goodman, Tim.Goodman@dot.gov), with a copy to Beth Mykytiuk (Elizabeth.Mykytiuk@dot.gov). NHTSA will provide notice if the individuals holding these positions or their e-mail addresses change.

2.       You are required to respond to every request listed in this General Order, including subparts. If you cannot respond to any specific request or subpart(s) thereof, please state the reason why you are unable to do so. Examples include, but are not limited to, situations where you do not possess the information requested at the time the report is due or where you are required to redact the information because it is protected from disclosure under foreign privacy law. If you do not possess the information necessary to fully complete a report required by this General Order on or before its due date, you must provide as much information as you have available at the time the report is due.

3.       The requests in this General Order are deemed to be continuing in nature so as to require additional and/or amended reports from you should you obtain or become aware of any new, additional, or differing responsive information about any previously-reported incident.

4.       Failure to respond fully or truthfully to this General Order may result in a referral to the United States Department of Justice for a civil action to compel responses, and may subject a manufacturer to civil penalties of up to $21,000 per day, up to a maximum penalty of

**0885**

$105,000,000 for a related series of daily violations. 49 U.S.C. §§ 30163(a)(1), 30165(a)(3); 49 C.F.R. § 578.6(a)(3).[1]

5.    You are cautioned not to assert privilege in connection with any information you submit to NHTSA. Should you anticipate doing so for any reason (and the agency can contemplate none), you are instructed to contact Beth Mykytiuk at (202) 366-9991 to discuss why any information you submit would constitute privileged information.

6.    If you claim that any of the information or documents provided in response to this General Order constitutes confidential commercial material within the meaning of 5 U.S.C. § 552(b)(4), or is protected from disclosure pursuant to 18 U.S.C. § 1905, then you must submit supporting information together with the materials that are the subject of the confidentiality request, in accordance with 49 C.F.R. Part 512, to the Office of Chief Counsel (NCC-111), National Highway Traffic Safety Administration, West Building, W41-326, 1200 New Jersey Avenue, SE, Washington, DC 20590. A copy of your request for confidential treatment and accompanying materials shall be sent by electronic mail to Beth Mykytiuk at Elizabeth.Mykytiuk@dot.gov.

7.    As used herein, the singular includes the plural; the plural includes the singular. The masculine gender includes the feminine and neuter genders; and the neuter gender includes the masculine and feminine genders. "And" as well as "or" shall be construed either disjunctively or conjunctively, to bring within the scope of this General Order all responses that might otherwise be construed to be outside its scope. "Each" shall be construed to include "every" and "every" shall be construed to include "each." "Any" shall be construed to include "all" and "all" shall be construed to include "any." The use of a verb in any tense shall be

---

[1] Effective March 17, 2016, the daily civil penalty was increased from $7,000 to $21,000, and the maximum civil penalty was increased from $35 million to $105 million. *See* Fixing America's Surface Transportation Act (the "FAST Act"), Pub. L. 114-21, § 24110(a)(2), 129 Stat. 1312 (Dec. 4, 2015).

**0886**

construed as the use of the verb in a past or present tense, whenever necessary to bring within the scope of the requests all responses which might otherwise be construed to be outside its scope.

8.     NHTSA reserves the right to request additional information regarding any incident reported in connection with this General Order.

9.     You are only required to provide information for motor vehicles manufactured by you as model years 2006 through 2016.

10.    You are **not** required to submit the requested report under oath.

### Requests

1.     Describe the history of panoramic sunroofs in the vehicles you manufacture. Your response should include, but not be limited to, the reason(s) you decided to add panoramic sunroofs as an option, the model(s) and model year for which you first offered this option, and the timeline of the development and decision-making that led to the introduction of panoramic sunroofs.

2.     Identify and enumerate the total population of vehicles you manufactured that contain a panoramic sunroof as original equipment. Your response should be broken down by make, model, and model year.

3.     For each panoramic sunroof identified in your Response to Request No. 2, provide the following information: (i) the name and contact information for the sunroof manufacturer; (ii) the number of glass panels; (iii) the size of the glass panel(s) (length x width in centimeters); (iv) the thickness of the glass panel(s) (millimeters); and (v) the standard to which the sunroof was manufactured. Your response should include an explanation of any changes made between models and model years.

4.     Identify, by make, model, and model year, the number of incidents involving an allegation that a panoramic sunroof has spontaneously shattered, and state the number of injuries

**0887**

or fatalities associated with such incidents.

     5.     File a report of every incident involving an allegation that a panoramic sunroof has shattered spontaneously in a vehicle manufactured by you, of which you are aware by any means (including but not limited to consumer complaints, lawsuits, and media reports). The report shall include the following information: (i) the date on which you were first notified or learned of the incident; (ii) the name of the individual involved in the incident; (iii) the contact information for counsel representing that individual (if applicable); (iv) the make, model, and model year of the vehicle; (v) the vehicle identification number (VIN); (vi) the date, location, and description of the incident (including whether the vehicle was stationary or in motion when the incident occurred); (vii) the number and description of any injuries or fatalities; (viii) a summary of your current understanding as to the nature of the incident and/or the cause of the breakage (including whether a rock or other item of road debris was found); and (ix) a summary of any other information relevant to your investigation of the incident. Your report should be in the format attached as Exhibit A.

Dated: April 14, 2016

Paul A. Hemmersbaugh
Chief Counsel