```
 1                  UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
 2                        WESTERN DIVISION
                              - - -
 3   TOM KONDASH,                    :
                                     : CIVIL NO. 1:15-CV-506
 4             Plaintiff,            :
        -vs-                         : Status Conference by Telephone
 5                                   :
     KIA MOTORS AMERICA, INC.,       : Friday, February 9, 2018
 6   et al.,                         : 11:06 a.m
               Defendants.           : Cincinnati, Ohio
 7                            - - -
                     TRANSCRIPT OF PROCEEDINGS
 8         BEFORE THE HONORABLE SUSAN J. DLOTT, JUDGE
                              - - -
 9   For the Plaintiffs:   Adam A. Edwards, Esq.
                           Greg Coleman Law, PC
10                         First Tennessee Plaza
                           800 S. Gay Street, Suite 1100
11                         Knoxville, Tennessee  37929

12                         Jack Landskroner, Esq.
                           Landskroner, Grieco, Merriman, LLC
13                         1360 West Ninth Street, Suite 200
                           Cleveland, Ohio  44113
14
                           David Stein, Esq.
15                         Gibbs Law Group, LLP
                           505 14th Street, Suite 1110
16                         Oakland, California  94612

17   For the Defendants:   Carlos M. Lazatin, Esq.
                           Adam Levine, Esq.
18                         O'Melveny & Myers, LLP
                           400 South Hope Street
19                         Los Angeles, California, 90071-2899

20                         H. Toby Schisler, II, Esq.
                           Dinsmore & Shohl, LLP
21                         1900 Chemed Center
                           255 East Fifth Street
22                         Cincinnati, Ohio  45202

23   Law Clerk:            Jennifer Johnson
     Courtroom Deputy:     William Miller
24   Court Reporter:       Julie A. Wolfer, RDR, CRR
                           100 East Fifth Street
25                         Cincinnati, Ohio  45202
                              - - -
```

Proceedings recorded in stenotype.
Transcript produced using computer-aided transcription.

```
 1                         PROCEEDINGS
 2        (11:06 a.m.)
 3             COURTROOM DEPUTY:  All right.  Counsel, good morning.
 4        We're here for a conference call today in Case Number
 5   1:15-CV-506, Kondash versus Kia Motors.
 6        And on the phone representing the plaintiffs, I
 7   believe I have Adam Edwards, Jack Landskroner, and David Stein.
 8   Is that correct?
 9             MR. LANDSKRONER:  Correct.
10             MR. STEIN:  Yes, it is.
11             COURTROOM DEPUTY:  Thank you.
12        And on the phone representing the defendants, I should
13   have Carlos Lazatin, Toby Schisler, and Adam Levine.  Is that
14   correct?
15             MR. LAZATIN:  That's correct.
16             MR. SCHISLER:  Yes.
17             COURTROOM DEPUTY:  Okay.  And here in chambers, I have
18   Judge Dlott, Jennifer Johnson is the law clerk, Julie Wolfer is
19   the court reporter.
20        And if you could just please identify yourselves
21   before you speak.  Thank you.
22             THE COURT:  Good morning, counsel.
23        I know that you've gotten the order that we recently
24   issued, and along with that we'd like to give you some
25   practical instructions on what you need to do to follow up on
```

this. I'm going to turn this over to my law clerk, Jennifer Johnson, who's actually much more articulate about this than I am.

        MS. JOHNSON: Hi, everybody.

        MR. SCHISLER: Hi.

        MR. STEIN: Good morning.

        MR. LAZATIN: Good morning.

        MS. JOHNSON: Good morning.

        We just wanted to touch base with you to make sure that you understood what we need from you for your second submission to the Court about sealing, particularly when we saw that you needed more time to meet and confer over sealing requests.

        So with this next submission -- well, I guess backing up, does this order resolve all sealing requests, or are there still some outstanding for the memo in opposition?

        MR. STEIN: Speaking, this is David Stein speaking for the plaintiff. We've had a meet-and-confer discussion where plaintiff presented his views on the various documents that Kia had filed. We were waiting for Kia to respond to see, you know, which ones we're going to have a disagreement on. The order was issued during -- after our call, so we haven't yet had a chance to speak. I don't want to be presumptuous, but my guess is that at this point we're talking about maybe five or fewer documents that, at most, would be in dispute for this

1  next round.
2       MR. SCHISLER:  And this is Toby Schisler on behalf of
3  the defendant.  And I would agree with that.  We've had
4  productive discussions, and the number of documents that will
5  be, quote, contested should be less than five.
6       MS. JOHNSON:  Great.  So the logistical aspect of this
7  is a lot easier with a smaller number of documents, but what
8  date do you -- what date are you requesting that the Judge give
9  you to meet and confer and finish that process to file your
10 next submission to the Court about sealing?
11      MR. SCHISLER:  This is Toby Schisler.  I think we had
12 proposed February 23rd, but I'm open to feedback from others.
13      MS. JOHNSON:  The Judge says she has no problem with
14 that date.  Is that good for everybody?
15      MR. STEIN:  This is David Stein again.  That works for
16 plaintiffs.
17      MS. JOHNSON:  Okay.  So February 23rd.
18      And here's what we'd like to receive from you if there
19 are documents that are being contested about whether they
20 should be sealed:  A disk with an index with the exhibits on it
21 delivered to chambers; two copies, please.  Previously the
22 Judge wanted an index, like a chart form, that listed the
23 exhibit, what it was, the basis for sealing, case law.  What
24 was submitted to us was very unwieldy and it wasn't helpful, so
25 don't do that for this round.

| | |
|---|---|
| 1 | MR. SCHISLER: Okay. |
| 2 | MS. JOHNSON: And then your briefs. |
| 3 | And if you guys could refer to the same document |
| 4 | exhibit number. In the order, we used defendants' numbering |
| 5 | system. If you could do that and cross-reference it with the |
| 6 | ECF number, that would be great. |
| 7 | I believe that's all we'll need from you. |
| 8 | And then I also asked Judge if I could have the |
| 9 | opportunity to ask you if you had any confusion about what we |
| 10 | needed you to do after this last order was issued in terms of |
| 11 | Judge ruled that various exhibits should or should not be |
| 12 | sealed, and we wanted you guys to take a look at those and |
| 13 | where they are in the record and work with the clerk's office |
| 14 | to seal or unseal as appropriate. |
| 15 | MR. LAZATIN: This is Carlos Lazatin for Kia. |
| 16 | Ms. Johnson and Your Honor, I did want to bring up, I think |
| 17 | this is an appropriate time to bring up the fact that we do |
| 18 | intend to -- Kia does intend to seek review of the order on the |
| 19 | sealing issues. I certainly appreciate the time and all the |
| 20 | effort that the Court has spent over the past few months on |
| 21 | these issues. I hope the Court can understand that given the |
| 22 | sensitivity of the issues, the documents that are at issue, and |
| 23 | our client's sensitivity to those going out in the public |
| 24 | domain, we do intend to seek review with the Sixth Circuit |
| 25 | which we're -- there's precedent, I think, for us to do that on |

an interlocutory basis immediately. And that's what we intend to do.

THE COURT: Okay. How soon will you be filing that?

MR. LAZATIN: We can get a notice of appeal, we have -- I think we have 30 days to do that. We can certainly do that sooner than during that 30-day window.

One issue, of course, is that we would like -- ask that Your Honor, you know, until that appeal is resolved, given the irreversible, irreparable nature of, you know, the harm of letting the documents out, that the -- that Your Honor stay the order until the appeal is resolved.

THE COURT: To be perfectly honest with you, I'm not familiar with being able to appeal, an interlocutory order to appeal a sealing of documents. I've never had --

MR. LAZATIN: I'd be happy to provide -- I'm sorry, Your Honor. Happy to provide the citation.

THE COURT: Could I have that? I'm not familiar with it.

MR. LAZATIN: Sure. It's Rudd Equipment, R-U-D-D, Rudd Equipment Company v. John Deere Construction. The citation is 834 F.3d 589 decided in July of 2016. Actually, right after the Shane Group decision.

And a part of the Court's reasoning for allowing it an interlocutory appeal under the collateral order rule is that the Court said, "Secrecy is a one-way street. Once information

1  is published, it cannot be made secret again.  Confidentiality
2  will be lost for all time.  The status quo could never be
3  reversed," and so on.
4          So the Sixth Circuit's recognized the irreversible,
5  irreparable nature of the harm if the documents were to
6  evade -- if the whole issue were to evade -- not immediately be
7  appealable.
8          THE COURT:  Okay.  Hang on just one moment, please.
9       (The Court and Ms. Johnson conferring.)
10         THE COURT:  All right.  Counsel, we're just trying to
11 figure out the logistics of this.
12         Why don't you go ahead and see if you can resolve the
13 issues on the five or less documents.  If you can, that will be
14 that much less we'll have to worry about later.
15         In the meantime, the Court will stay the action for 30
16 days to give you an opportunity to file your notice of appeal.
17 And then once you file that, it will be stayed by that.
18         So if today is the 9th, 9th of February, I don't
19 know --
20         COURTROOM DEPUTY:  The order went on the 7th.
21         THE COURT:  Okay.  The order went on on the 7th.  So
22 what's 30 days from the 7th?
23         COURTROOM DEPUTY:  Okay.  Hold on one second.
24         It looks like 30 days would be March 9th.
25         THE COURT:  Okay.  So we'll give you a stay until

1    March 9th to file your notice of appeal.
2           But I guess I would encourage you to see if you can
3    work out what there is on the other -- on the remaining five
4    documents.  If you can work it out, great.  If you can't, you
5    know, we'll just wait, we'll just hold everything up until the
6    Court of Appeals rules because that will probably resolve the
7    issues on everything.
8           MR. LAZATIN:  I appreciate that, Your Honor.  This is
9    Carlos Lazatin again.  We will certainly try to resolve the
10   last half dozen or so documents in connection with the
11   opposition.
12          And with respect to the stay, appreciate the Court
13   will stay the matter until the 9th of March.  Our
14   understanding, which may be incorrect, is that there is not an
15   automatic stay, but perhaps Your Honor knows something we don't
16   know.  We can certainly look into that and address that if in
17   fact there's not an automatic stay once a notice of appeal is
18   filed.
19          THE COURT:  Yes, do you want to brief that issue?  I
20   don't know the answer to that either.  If you want to brief it.
21          MR. LAZATIN:  Sure.  We can submit something to the
22   Court.  So we've got it stayed until March 9th, and we can
23   submit something to the Court in terms of a further stay once
24   the notice of appeal is in.
25          MS. JOHNSON:  Maybe by the 9th?

| | |
|---|---|
| 1 | THE COURT: Yes, I'd say why don't you do it by the |
| 2 | 9th because what -- if the stay is only effective till the 9th, |
| 3 | you know, and you get it filed and you're saying you're not |
| 4 | sure if there is an automatic stay in the Circuit, I think we'd |
| 5 | need to rule pretty much immediately after that. So I think |
| 6 | you ought to go ahead and brief that now. |
| 7 | MR. LAZATIN: Absolutely. We'll do that, Your Honor. |
| 8 | You'll see something well in advance of the 9th on that. |
| 9 | THE COURT: All right. And how soon will you file |
| 10 | that? Because I want to give opposing counsel a chance to file |
| 11 | something in opposition. Do you want a week? |
| 12 | MR. STEIN: This is David Stein for the plaintiff. We |
| 13 | obviously weren't expecting this, this development. We |
| 14 | don't -- we haven't looked at the authority yet, but, you know, |
| 15 | we've written down the citation that Carlos read out and can |
| 16 | take a look at it. |
| 17 | I don't know at this point whether we'd oppose the |
| 18 | stay or not. So I would suggest maybe that the parties meet |
| 19 | and confer on this over the next week or so, and perhaps we can |
| 20 | avoid contested briefing. |
| 21 | THE COURT: Okay. That's fine. Are you saying -- |
| 22 | which stay are you referring to, the stay that I'm putting on |
| 23 | right now until February 23rd or -- |
| 24 | MR. LAZATIN: March 9th, Your Honor. |
| 25 | THE COURT: I'm sorry, March 9th. Are you talking |

about that stay or are you talking about the automatic stay that there would be then because the matter was with the Circuit?

MR. STEIN: So this is, just to be clear, my understanding of what the Court has in mind here is that with respect to the issues pertaining to sealing and the order that came out a couple of days ago addressing us to take further steps, those steps and related steps pertaining to sealing of those documents would be stayed for 30 days; and in that time period, and I'm sure even before 30 days passed, the parties can meet and confer and discuss whether there would be opposition to an extended stay on the sealing issue.

MR. LAZATIN: That's our understanding as well --

THE COURT: Okay. Great.

MR. LAZATIN: -- on the defense side.

THE COURT: Great. Because when you're talking about an automatic stay, do you mean -- do you mean at that point a stay from the Circuit or a stay from the District Court?

MR. LAZATIN: Well, my understanding, again, this is Carlos Lazatin for Kia, my understanding was that we could seek a stay from the Sixth Circuit but prerequisite for doing so was to seek a stay initially from Your Honor. At least that's my understanding. But I may be wrong. It wouldn't be the first time. But that would, you know, as Mr. Stein pointed out, we're talking about the stay as of the filing of the notice of

```
 1   appeal which will be no later than March 9th.
 2           THE COURT:  Okay.  All right.  Anything else?
 3           MS. JOHNSON:  Did we want to set a date for them to
 4   submit a brief?
 5           THE COURT:  Okay.  Yes.  Jennifer said -- did you hear
 6   what Jennifer just said?
 7           MS. JOHNSON:  I suggested setting a date for briefs to
 8   be submitted in the event you can't agree that this needs to be
 9   stayed or not stayed and just to provide the Court with
10   citation either way.
11           MR. LAZATIN:  Sure.  We can -- on behalf of Kia, we
12   can submit a brief in two weeks.
13           MS. JOHNSON:  Two weeks.
14           MR. LAZATIN:  That would give us a week to try to sort
15   things out.
16           THE COURT:  Okay.
17           MS. JOHNSON:  When would plaintiffs be able to
18   respond?
19           MR. STEIN:  David Stein speaking.  I think one week
20   would give us enough time from the filing of Kia's brief.
21           THE COURT:  Bill, what date?  Let's just put some
22   dates on this.
23           COURTROOM DEPUTY:  Defendants' brief, then, is due
24   February 23rd, and plaintiff's response would be due March 2nd.
25           THE COURT:  Okay.
```

1    MR. LAZATIN: Now, just to be clear, if I may, this is
2  Carlos Lazatin again, if the parties can't -- can come to an
3  agreement on the further stay issue and agree that there's no
4  opposition to a further stay, does the Court still want
5  briefing?
6    In that case we could put a stipulation on file, I
7  suppose.
8    THE COURT: I'd at least like some citation of the
9  law. I just want to make sure, even if you agree, I just want
10 to make sure that there's -- I've got a proper legal foundation
11 for it. So if you could submit something to show me that the
12 automatic stay would -- that a stay would be appropriate,
13 continuing stay.
14   MR. LAZATIN: I mean, Your Honor, we could, if we do
15 end up agreeing, if the parties do end up agreeing, we're happy
16 to put the authority in the stipulation, if that would help the
17 Court.
18   THE COURT: Okay. Yes, that would be fine.
19   MR. LAZATIN: Great. Thank you.
20   THE COURT: All right. Well, you've taught me
21 something new. This is the first time I've heard an
22 interlocutory appeal on sealed documents, but I guess that must
23 be a result of maybe <u>Shane</u>.
24   Okay. Do you have anything else?
25   I think that's all we have for counsel. Do counsel

1  have anything else?

2      MR. SCHISLER:  No, Your Honor.

3      MR. STEIN:  Not for plaintiff, Your Honor.

4      THE COURT:  Okay.  Thank you all.

5      MR. LAZATIN:  Thank you.

6      MR. SCHISLER:  Thank you, Your Honor.

7   (Proceedings concluded at 11:25 a.m.)

8                          - - -

9

10

11              <u>C E R T I F I C A T E</u>

12      I certify that the foregoing is a correct transcript

13  from the record of the proceedings in the above-entitled

14  matter.

                          <u>s/Julie A. Wolfer</u>
15                        Julie A. Wolfer, RDR, CRR
                          Official Reporter

16

17

18

19

20

21

22

23

24

25