# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **Tom Kondash**, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **Kia Motors America, Inc.**, *et al.*, <br><br> Defendants. | Case No. 1:15-cv-506 <br><br> **ORDER OVERRULING OBJECTIONS TO LATE-FILED EXPERT REPORTS AND TO NOTICE OF SUPPLEMENTAL AUTHORITY AND DENYING MOTION FOR LEAVE TO FILE SURREPLY** |

Before the Court are Plaintiff's supplemental expert declarations and supplemental exhibits in support of its reply in support of class certification[1] (Docs. 163, 164, 166[2]), Defendants Kia Motors America, Inc. ("KMA") and Kia Motors Corporation's ("KMC") (jointly "Kia") objection to the same (Doc. 172), and Plaintiff's opposition thereto (Doc. 178); Kia's Notice of Supplemental Authority (Doc. 179), Plaintiff's objection and response thereto (Doc. 185); and Kia's Motion for Leave to File Surreply in Opposition to Class Certification (Doc. 177), Plaintiff's objection thereto (Doc. 184), and Kia's reply (Doc. 186). The Court will overrule the objections pertaining to supplemental declarations, exhibits, and authority and will deny Kia's Motion for Leave to File Surreply.

Kia opposes the Court's consideration of the supplemental expert declarations and exhibits and requests leave to file a surreply. The Local Rules limit evidence submitted in support of a reply memorandum "to that needed to rebut the positions argued in the memoranda in opposition." Local Rule 7.2(d). They prohibit surreplies except to the extent that the Court

---

[1] The supplemental expert declarations are also filed in opposition to Defendants' *Daubert* motions to exclude their testimony. (*See* Docs. 163, 164.)

[2] Plaintiff's counsel states, in his declaration, that the 10 supplemental exhibits attached to his declaration were "created or produced to Plaintiff after the filing of Plaintiff's opening class certification motion." (Doc. 166 at PageID 11431.)

grants leave upon "good cause shown." *Id.* at 7.2(a)(2). The Court finds that that Plaintiff's supplemental filings respond to Kia's arguments in its class certification opposition and/or its *Daubert* motions. *See Goebelbecker v. Platipak Packaging, Inc.*, No. 1:06 CV 576, 2007 WL 4287854, at *5 (N.D. Ohio Dec. 5, 2007) (denying motion to strike where evidence "respond[ed] to statements made in Plaintiff's affidavit and Opposition Brief."). Mr. Gaskin's supplemental report explains that his proposed survey contemplates and is appropriate for leased vehicles, which is in response to Kia's argument otherwise. (*See* Class Cert. Opp., Doc. 155 at PageID 10201.) Mr. Weir's supplemental declaration does the same—responding to whether the proposed damage calculation requires individual inquiry (*see id.* at PageID 10202), whether there is a method by which to allocate classwide damages to individuals (*see id.* at PageID 10203), whether he participated in the design of the conjoint analysis (*see* Mot. to Exclude Weir Decl., Doc. 159 at PageID 10296–97), whether the damage model is applicable to leases (*see* Doc. 155 at PageID 10201), and whether the damage model contemplates supply-side factors (*see* Mot. to Exclude Gaskin Decl., Doc. 158 at PageID 10265–66; Doc. 159 at PageID 10297 (referencing Doc. 158)).

The supplemental expert declarations, as they relate to the applicability of their damages model to leased vehicles, should not be a surprise to Kia. (*See, e.g.*, Gaskin Decl., Doc. 80-4 at PageID 2954; Weir Decl., Doc. 80-5 at PageID 2990 (each referencing leased vehicles as part of their original declarations).) *See Aerpio Pharmaceuticals, Inc. v. Quaggin*, No. 1:18-cv-794, 2019 WL 4717477, at *6 (S.D. Ohio Sept. 26, 2019), *rec. adopted*, 2019 WL 5455111 (Oct. 24, 2019) (surreply not warranted "when the opposing party knew or should have known at the time it filed its responsive memorandum that a matter had been placed in issue . . ."). Moreover, Kia has had an opportunity to respond to the supplemental expert declarations in its reply in support of its motions to exclude their testimony. (*See* Doc. 171.) The balance of the proposed surreply

attacks perceived mischaracterizations of the record by Plaintiff—it barely addresses Plaintiff's supplemental exhibits at all. In any event, the Court finds that the supplemental exhibits were limited to refuting Kia's arguments that there is no common evidence of a defect (Doc. 166, Exs. 179–86) and that individualized inquiries predominate (*Id.* at Exs. 187–88).

It is not the function of a surreply, but the function of the Court to "determine whether the parties before it have accurately presented the facts, the opposing parties' arguments, and the applicable propositions of law, or whether the parties have mischaracterized the facts, arguments, and legal propositions." *Aerpio Pharmaceuticals*, 2019 WL 4717477, at *7 (citing *Bishop v. Children's Ctr. for Developmental Enrichment*, No. 2:08-CV-766, 2011 WL 5506105, at *2 (S.D. Ohio Nov. 10, 2011)). For that reason, and in view of the foregoing, the Court finds no good cause to allow Kia's surreply and will overrule its objection to Plaintiff's supplemental expert declarations and supplemental exhibits in support of Plaintiff's reply in support of class certification.

Finally, the Court acknowledges that Kia has filed a Notice of Supplemental Authority without leave of Court. Given, however, the proximity of the decision to the deadline for filing Kia's class certification opposition and its high relevance to the pending matters, the Court will consider both the supplemental authority and the points raised in Plaintiff's objection and response thereto. *See Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1040 (S.D. Ohio 1997) (allowing supplemental authority without leave of court where the authority was relevant and the opposing party was not prejudiced).

In sum, Kia's Objection to Late-Filed Expert Reports (Doc. 172) is **OVERRULED**. Plaintiff's Objection to Notice of Supplemental Authority (Doc. 185) is **OVERRULED** to the extent that it seeks to prohibit consideration thereof. Kia's Motion for Leave to File Surreply in Opposition to Class Certification (Doc. 177) is **DENIED**. Unless pursuant to its explicit request,

3

the Court will not entertain further briefing by the parties on class certification. By this Order, the Court expresses no view on the ultimate admissibility of the expert testimony, an issue which remains under advisement.

**IT IS SO ORDERED.**

_____
Susan J. Dlott
United States District Judge